IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UDESSA A. PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-02497-JDB-jay |
| | ) | |
| 21st MORTGAGE CORPORATION and PHILLIP L. ROBERTSON, as Substitute Trustee, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING EMERGENCY MOTION FOR INJUNCTIVE RELIEF

Before the Court is the July 16, 2024, emergency motion of Plaintiff, Udessa A. Perkins, for a temporary restraining order, preliminary injunction, and/or permanent injunction to prevent the foreclosure sale by Defendants of real property she owns, which is scheduled for tomorrow, July 17. (Docket Entry ("D.E.") 9.) Plaintiff indicates that she has notified Defendants that she is seeking this relief. (*Id.* at PageID 20.) Defendants, however, have not been served and likewise have not responded.

Federal Rule of Civil Procedure 65 permits a court to issue injunctive relief. Fed. R. Civ. P. 65. A court is to consider the following factors in deciding whether such relief is warranted:

> (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a TRO, (3) whether granting the TRO would cause substantial harm to others, and (4) whether the public interest would be served by granting the TRO.

*Kewadin Casinos Gaming Authority v. Draganchuck*, 584 F. Supp. 3d 468, 472 (W.D. Mich. 2022) (quoting *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)).

Here, while the foreclosure sale is certainly likely to cause Plaintiff to suffer an irreparable injury, she has not shown a strong likelihood of success on the merits. To support her lawsuit, she has alleged racial discrimination and, potentially, breach of contract. (D.E. 1 at PageID 2–3.) The problem is that she offers no plausible factual averments to buttress those claims. For instance, she does not plead how Defendants have engaged in racial discrimination against her; instead, she merely concludes that because Defendants denied her modification request, they have engaged in impermissible racial discrimination. (*Id.*) Likewise, she asserts that "[Defendants] have a perfunctory, illusory, and set-up modification system that is not designed to assist homeowner's [sic] no matter how worthy." (*Id.* at PageID 3.) Yet, Plaintiff has not referenced any contractual language to show how the modification system is supposed to work nor has she alleged how she has been affected by this "perfunctory, illusory, and set-up" scheme when she acknowledges that she has breached her agreement with Defendants. (*Id.*)

Plaintiff admits to being in arrears for approximately $14,000 to Defendants and to failing to make payments owed to Defendants for several months. (D.E. 9 at PageID 19.) Without attaching the mortgage agreement, reciting any provisions of that accord, or alleging non-conclusory facts demonstrating that she is being discriminated against because of her race, she is asking this Court to halt the foreclosure of her property despite having failed to adhere to her obligations to Defendants. (*Id.* at PageID 19–22.) Plaintiff's threadbare allegations, which likely would not survive a motion to dismiss for failure to state a claim, do not demonstrate a strong likelihood that she will succeed in her lawsuit. *Draganchuck*, 584 F. Supp. 3d at 472 (quoting *Blackwell*, 467 F.3d at 1009). The Court views that factor as dispositive given Plaintiff's admission to being in material breach of her mortgage obligations.

For the foregoing reasons, the emergency motion for injunctive relief is DENIED.

IT IS SO ORDERED this 16th day of July 2024.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE
